**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

AVIMAEL J. SAAVEDRA
ESQUIVEL,

                Petitioner,

vs.                                                      Case No. 3:13-cv-331-J-20JRK

JOEY B. DOBSON, Sheriff of
Baker County Detention Center, et al.,

                Respondents.
_____/

## REPORT AND RECOMMENDATION[1]

This cause is before the Court sua sponte. Petitioner initiated this action by filing a "Petition For A Writ of Habeas Corpus [Pursuant] To [28] U.S.C. § 2241" (Doc. No. 1) on March 27, 2013. Petitioner did not accompany the Petition with the $5.00 filing fee or a request to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915(a)(1), (a)(2). Accordingly, on April 16, 2013, an Order was entered (Doc. No. 4) directing Petitioner to submit either an affidavit of indigency or the $5.00 fee by May 15, 2013. Petitioner failed to do so.

In light of Petitioner's failure to timely comply with the April 16, 2013 Order, on May 20, 2013, an Order to Show Cause (Doc. No. 5) was entered directing Petitioner by June 21, 2013 to show cause why this matter should not be dismissed for failure to prosecute, and

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document. Failure to file a timely objection waives a party's right to a de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a).

also to submit an affidavit of indigency or the filing fee by June 21, 2013. To date, Petitioner has not responded to the Court's Orders in any way.[2]

In light of the foregoing, it is

**RECOMMENDED**:

1. That this case be **DISMISSED without prejudice** for failure to prosecute pursuant to Rule 3.10(a), Local Rules, Middle District of Florida.

2. That the Clerk of Court be directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on July 11, 2013.

_/s/ James R. Klindt_
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:

Honorable Harvey E. Schlesinger
United States District Judge

Pro se parties

---

[2] The Court notes that the docket reflects the Order to Show Cause was returned as undeliverable because Petitioner is "not in custody." By initiating this action, Petitioner sought a Writ of Habeas Corpus requiring, inter alia, that he receive a bond hearing by an immigration judge. Given that Petitioner apparently is no longer in custody, it may very well be that this matter is moot.